| | | |
|---|---|---|
| Estado Libre Asociado de Puerto Rico<br>TRIBUNAL DE APELACIONES<br>PANEL ESPECIAL | | |
| HIGINIO ORTIZ ARROYO<br><br>Recurrido<br><br>v.<br><br>EDNA ARROYO TORRES; AIXA GONZÁLEZ LOUBRIEL<br><br>Peticionarias | TA2025CE00390 | *CERTIOARI* procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón<br><br>Caso núm.: BY2024CV06301 (502)<br><br>Sobre: Incumplimiento de Contrato |

Panel integrado por su presidenta la jueza Romero García, el juez Rivera Torres y la jueza Mateu Meléndez.

**Rivera Torres, Juez Ponente**

### RESOLUCIÓN

En San Juan, Puerto Rico, a 2 de septiembre de 2025.

Comparecen ante este tribunal apelativo, las señoras Edna Arroyo Torres y Aixa González Loubriel (en conjunto, las peticionarias) mediante el recurso de *certiorari* de epígrafe, solicitándonos que revoquemos la *Resolución Interlocutoria* emitida por el Tribunal de Primera instancia, Sala Superior de Bayamón (TPI), el 22 de agosto de 2025, notificada el mismo día. Mediante este dictamen, el foro primario denegó una *Moción para Solicitar Sentencia Sumaria* presentada por las peticionarias.

Además, las peticionarias incluyeron con su recurso, una *Moción Urgente en Auxilio de Jurisdicción* solicitando la paralización de los procedimientos ante el TPI debido a la advertencia de anotación de rebeldía, de no presentar la contestación a la demanda en o antes del 8 de septiembre de 2025.

Por los fundamentos que expondremos a continuación, determinamos denegar la expedición del auto de *certiorari*

solicitado. En consecuencia, declaramos *No Ha Lugar* a la solicitud de auxilio de jurisdicción.

## I.

Por tercera ocasión, durante el corriente año, las peticionarias nos solicitan revisar resoluciones interlocutorias del TPI mediante las que se ha rechazado consistentemente su pretensión de que el caso se resuelva de manera expedita a su favor. Mediante las *Resoluciones* emitidas en los casos anteriores, KLCE202500589 y TA2025CE00312, esta *Curia* ha denegado la expedición de los recursos.

En lo aquí pertinente, el 21 de agosto de 2025 las peticionarias presentaron ante el foro recurrido el escrito intitulado *Moción para Solicitar Sentencia Sumaria (en Alternativa a Contestación a Demanda).* Mediante este, solicitaron la desestimación de la demanda, por la vía sumaria, al amparo de la Reglas 36.1 y 36.2 de las de Procedimiento Civil, 32 LPRA Ap. V. Allí, propusieron cinco (5) hechos alegadamente incontrovertidos los que, a su entender, permiten resolver el caso sumariamente. Estos son:

1. El 23 de octubre de 2019, el demandante, Ortiz Arroyo, dueño absoluto de la Corporación, suscribió con la co-demandada Arroyo Torres un contrato escrito de compraventa sobre la tenencia y participación total de éste en EBS Academy, Inc.
2. El precio de venta fue de $255,000.00.
3. Simultáneamente, el demandante y la co-demandada el mismo día 23 de octubre de 2019 acordaron verbalmente que una vez el demandante estuviera emocionalmente recuperado, la codemandada Edna Arroyo debía devolverle o revenderles las acciones o participación de la corporación, bajo lo que se conoce como un pacto de retracto.
4. El demandante radicó la demanda original el 18 de octubre de 2024, casi cinco (5) años después de la fecha del contrato.
5. Con la demanda no se consignó el precio de compraventa, ni se acompañó prueba clara y convincente de haberse pagado el mismo antes de la radicación.

El 22 de agosto de 2025, el TPI emitió la *Resolución Interlocutoria* impugnada en la que denegó el antedicho petitorio

desestimatorio. El foro *a quo* determinó, entre otros asuntos, lo siguiente:

> Examinada la solicitud de sentencia sumaria presentada por la parte demandada, se pospone su adjudicación hasta tanto se lleve a cabo el descubrimiento de prueba correspondiente, en virtud de la Regla 36.6 de Procedimiento Civil, 32 LPRA Ap. V.
>
> (. . .)
>
> Por lo anterior, se concede a la parte [demandada] un tercer tercer [sic] término final de hasta el 8 de septiembre de 2025 para contestar la demanda, so pena de la anotación de rebeldía.

A su vez, el TPI razonó que, algunos de los argumentos presentados, han sido rechazados en petitorios desestimatorios anteriores. Asimismo, expresó diáfanamente que ha denegado reiteradamente las desestimaciones para promover que el caso se vea en sus méritos, ante la necesidad de que las "partes realicen descubrimiento de prueba cuyo fin es que la verdad salga a la luz -cualquiera esta sea- y de que todas las partes sean escuchadas y tengan su día en corte."

Inconforme con la determinación, las peticionarias acuden ante este foro apelativo mediante el recurso de *certiorari* de epígrafe imputándole al TPI la comisión de los siguientes errores:

> ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL DENEGAR IMPLÍCITAMENTE –MEDIANTE POSPOSICIÓN- LA MOCIÓN PARA SOLICITAR SENTENCIA SUMARIA "HASTA TANTO SE LLEVE A CABO EL DESCUBRIMIENTO DE PRUEBA CORRESPONDIENTE, EN VIRTUD DE LA REGLA 36.6 DE PROCEDIMIENTO CIVIL", PESE A QUE EL DEMANDANTE-RECURRIDO NO PRESENTÓ UNA MOCIÓN AL AMPARO DE LA REFERIDA REGLA 36.6 Y A QUE LOS HECHOS ESENCIALES Y PERTINENTES NO SE PODÍAN CONTROVERTIR Y NO DEPENDEN DE DESCUBRIMIENTO DE PRUEBA PORQUE SON ADMISIONES JUDICIALES DEL PROPIO DEMANDANTE-RECURRIDO.
>
> ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL DENEGAR LA MOCIÓN DE SENTENCIA SUMARIA PORQUE "APENAS SE INCLUYÓ UN ANEJO" Y "LA PARTE DEMANDADA NO INCLUYÓ DECLARACIONES JURADAS U OTRA PRUEBA ADMISIBLE PARA SUSTENTAR LOS HECHOS QUE ALEGA SON INCONTROVERTIDOS".

ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL NO DICTAR SENTENCIA SUMARIA DECRETANDO LA DESESTIMACIÓN CON PERJUICIO DE LA CUARTA DEMANDA ENMENDADA ANTE EL INCUMPLIMIENTO DEL DEMANDANTE-RECURRIDO CON EL ART. 1407 DEL CÓDIGO CIVIL DE 1930 QUE EXIGE, COMO REQUISITO INDISPENSABLE, CONSIGNAR EL PRECIO PREVIAMENTE PAGADO, DE FORMA SIMULTÁNEA, CON LA PRESENTACIÓN DE LA DEMANDA O, EN SU DEFECTO, SOMETER PRUEBA FEHACIENTE DE QUE SE EFECTUÓ EL PAGO DEL PRECIO DEL CONTRATO QUE, SEGÚN ESTABLECEN LOS HECHOS ESENCIALES Y PERTINENTES, FUE $255,000.00.

ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL NO DICTAR SENTENCIA SUMARIA DECRETANDO LA DESESTIMACIÓN CON PERJUICIO DE LA CUARTA DEMANDA ENMENDADA POR HABER CADUCADO AL HABERSE PRESENTADO LA DEMANDA YA EXPIRADO EL TÉRMINO DE CADUCIDAD DE CUATRO (4) AÑOS QUE ESTABLECE EL ART. 1397 DEL CÓDIGO CIVIL DE 1930 PARA LA ACCIÓN DE RETRACTO CONVENCIONAL. A LA LUZ DE LOS HECHOS ESENCIALES Y PERTINENTES, EL DERECHO A EJERCITAR EL RETRACTO LEGAL CADUCÓ EL 23 DE OCTUBRE DE 2023, Y LA DEMANDA SE PRESENTÓ EL 18 DE OCTUBRE DE 2024.

ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL SUGERIR QUE LA MOCIÓN DE SENTENCIA SUMARIA ESTABA VEDADA POR LA LEY DEL CASO.

ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL INCURRIR EN PASIÓN, PREJUICIO O PARCIALIDAD EN LOS TRÁMITES DEL LITIGIO RELACIONADOS CON LA ADJUDICACIÓN DE LA SOLICITUD DE SENTENCIA SUMARIA.

Analizado el recurso y, a tenor de la determinación arribada, resolvemos sin la comparecencia de la parte recurrida, según nos faculta la Regla 7 (B)(5) del Reglamento del Tribunal de Apelaciones, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, pág. 15, 215 DPR __ (2025).

**II.**

**Auto de *Certiorari***

El recurso de *certiorari* es el vehículo procesal discrecional disponible para que un tribunal apelativo revise las resoluciones y órdenes interlocutorias de un tribunal de inferior jerarquía. Regla 52.1 de las de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1; *García v. Padró*, 165 DPR 324, 334 (2005). Todo recurso de *certiorari*

presentado ante este foro apelativo deberá ser examinado primeramente al palio de la Regla 52.1 de las de Procedimiento Civil, *supra*. Dicha regla limita la autoridad y el alcance de la facultad revisora de este foro apelativo sobre órdenes y resoluciones dictadas por el foro de primera instancia, revisables mediante el recurso de *certiorari*. La referida norma dispone como sigue:

> Todo procedimiento de apelación, certiorari, certificación, y cualquier otro procedimiento para revisar sentencias y resoluciones se tramitará de acuerdo con la ley aplicable, estas reglas y las reglas que adopte el Tribunal Supremo de Puerto Rico.
>
> El recurso de certiorari para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, **solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo.** No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando **se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia**. Al denegar la expedición de un recurso de certiorari en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.
>
> Cualquier otra resolución u orden interlocutoria expedida por el Tribunal de Primera Instancia podrá ser revisada en el recurso de apelación que se interponga contra la sentencia sujeto a lo dispuesto en la Regla 50 de este apéndice sobre los errores no perjudiciales. Regla 52.1 de Procedimiento Civil, supra. [Énfasis Nuestro].

Por tanto, el asunto que se nos plantea en el recurso de *certiorari* deberá tener cabida bajo alguna de las materias reconocidas en la Regla 52.1 de las de Procedimiento Civil, *supra*. Ello, debido a que el mandato de la mencionada regla dispone expresamente que solamente será expedido el auto de *certiorari* para la revisión de remedios provisionales, interdictos, denegatoria de una moción de carácter dispositivo, admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios

evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia y en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia.

Así, pues, para determinar si debemos expedir un auto de *certiorari* debemos determinar primeramente si el asunto que se trae ante nuestra consideración versa sobre alguna de las materias especificadas en la Regla 52.1 de las de Procedimiento Civil, *supra.* Sin embargo, aun cuando el asunto esté contemplado por dicha regla, para determinar si procede la expedición de un recurso y poder ejercer sabiamente nuestra facultad discrecional, debemos acudir a lo dispuesto en la Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA,* 2025 TSPR 42, págs. 62-63, 215 DPR __ (2025), dispone lo siguiente:

> El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:
>
> (A)  Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
> (B)  Si la situación de hechos planteada es la más indicada para el análisis del problema.
> (C)  Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
> (D)  Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
> (E)  Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
> (F)  Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
> (G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Estos criterios sirven de guía para poder determinar, de manera sabia y prudente, si procede o no intervenir en el caso en la etapa del procedimiento en que se encuentra el caso. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 97 (2008). Es decir, que el examen que emplea el foro apelativo no se da en el vacío ni en

ausencia de otros parámetros. *800 Ponce de León v. AIG, supra*, a la pág. 176.

De otra parte, el ejercicio de las facultades del Tribunal de Primera Instancia merece nuestra deferencia, por tanto, solo intervendremos con el ejercicio de dicha discreción en aquellas instancias que se demuestre que el foro recurrido: (1) actuó con prejuicio o parcialidad; (2) incurrió en un craso abuso de discreción; o (3) se equivocó en la interpretación de cualquier norma procesal o de derecho sustantivo. *BBPR v. SLG Gómez-López*, 213 DPR 314, a las págs. 334-335 (2023); *Ramos v. Wal-Mart*, 165 DPR 510, a la pág. 523 (2006); *Rivera Durán v. Banco Popular de Puerto Rico*, 152 DPR 140, a la pág.155 (2000).

### III.

En esencia, las peticionarias arguyen que incidió el foro primario al denegar, nuevamente, una moción solicitando la desestimación sumaria del pleito a su favor.

De entrada, advertimos que la controversia aquí planteada, por tratarse de la denegatoria de una moción de carácter dispositivo, está incluida en las instancias que esta *Curia* puede atender de conformidad a la Regla 52.1 de las de Procedimiento Civil, *supra.* No obstante, la expedición del auto al amparo de esta norma no opera en el vacío, tiene que sustentarse en algunos de los criterios enumerados en la Regla 40 de nuestro Reglamento, *supra.* Los que, a nuestro entender, no están presentes.

Como reseñamos previamente, en reiteradas ocasiones, el TPI ha expresado que se requiere descubrimiento de prueba para entender las controversias ante su consideración. Esto, como advirtió en el dictamen recurrido, con el fin único de descubrir la verdad, cualquiera que esta sea, y bajo el principio fundamental de que los casos se diluciden en sus méritos. A su vez, enfatizamos

que el foro primario goza de alta discreción sobre el manejo y administración de los casos que se ventilan ante sí.

Por tanto, examinada la determinación recurrida a la luz de las disposiciones de la Regla 40 de nuestro Reglamento, *supra*, entendemos que no procede nuestra intervención con la misma. Recalcamos, además, que ante la ausencia de prejuicio, parcialidad o error en la aplicación de una norma jurídica estamos impedidos de variar el dictamen cuya revisión se nos solicita. Tampoco quedó demostrado que nuestra intervención, en esta etapa de los procedimientos, evitaría un fracaso de la justicia

### IV.

Por los fundamentos antes expuestos, denegamos la expedición del recurso de *certiorari* solicitado. En consecuencia, declaramos *No Ha Lugar* a la *Moción en Solicitud de Auxilio de Jurisdicción.*

Notifíquese inmediatamente.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.


LCDA. LILIA M. OQUENDO SOLÍS
Secretaria del Tribunal de Apelaciones